# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-30425
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON ADETOPE OLAREMI,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CR-113-B-1)

---

December 11, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Johnston Adetope Olaremi appeals his conviction and sentence following a

jury trial for theft of mail and aiding and abetting the theft of mail.[1]  Olaremi

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 18 U.S.C. §§ 1708, 2.

contends that the district court erred in: (1) denying his motion for a judgment of acquittal because the government failed to prove that the mail was taken from an "authorized depository"; (2) imposing a two-level enhancement for obstruction of justice; and (3) increasing his criminal history category for failing to adequately reflect the seriousness of past criminal conduct or likelihood of recidivism.

Our review of the record persuades that the evidence is sufficient to support the finding that the mail was taken from an authorized depository. "An 'authorized depository' can be anything ranging from a regulation mailbox to a clothespin clip on the addressee's doorstep."[2] In the case at bar, the letter was placed for collection in a green box above the mailboxes. Testimony revealed that this box was used routinely by apartment tenants for outgoing mail. Given "the realities of delivering and receiving mail in a modern urban environment," we are compelled to conclude that the evidence at bar abundantly demonstrates the taking of mail herein "which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter."[3]

Olaremi's challenge to the obstruction of justice enhancement to his offense

---

[2] **United States v. Hall**, 632 F.2d 500, 503 n.5 (5th Cir. 1980).

[3] **United States v. Nash**, 649 F.2d 369, 371 (5th Cir. 1981), quoting **Smith v. United States**, 343 F.2d 539, 542 (5th Cir. 1965); 18 U.S.C. § 1708.

level is equally without merit. Section 3C1.1 of the Sentencing Guidelines provides for a two-point increase in the offense level for obstruction of justice. Conduct warranting the enhancement includes "providing materially false information to a probation officer in respect to a presentence or other investigation for the court."[4] Material information is "information that, if believed, would tend to influence or affect the issue under determination."[5]

The district court based the computation increase on a finding that on three occasions Olaremi gave materially false statements to the probation officer about his knowledge of his codefendant's illegal activities. The trial court gave due consideration to the Pre-Sentence Investigation Report, defendant's objections, the codefendant's trial testimony, and other relevant information. We perceive no clearly erroneous finding of fact and conclude that the court correctly interpreted and applied section 3C1.1.

Finally Olaremi contends that the increase of his criminal history category was erroneous. Section 4A1.3 of the Guidelines provides for a category increase "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the

---

[4] U.S.S.G. § 3C1.1 comment (n.3(h)).

[5] U.S.S.G. § 3C1.1 comment (n.5).

likelihood that the defendant will commit other crimes. . . ." Olaremi's criminal history category originally was set at category IV. A correction of the probation officer's erroneous characterization of two offenses as one resulted in a step up to category V. After considering Olaremi's prior convictions, as well as criminal conduct not resulting in prosecution, the trial court increased his criminal history to category VI. We find no error in that categorization. Olaremi's prior and current convictions are strikingly similar and demonstrate a propensity to commit fraud. The lower category did not accurately reflect the seriousness of his criminal history and the likelihood of recidivism. We conclude that the increase by the trial court was justified and find no error in same.

The conviction and sentence are AFFIRMED.